[No. 1472.]

## ROBERT WEEKS *v.* THE STATE

BURGLARY—CHARGE OF THE COURT.—When the indictment charges that the burglary was committed by an entrance by force, the charge of the court as well as the evidence should be confined to an entrance by force. See the opinion for a charge held error under this rule.

APPEAL from the Criminal District Court of Galveston. Tried below before the Hon. G. Cook.

The opinion states the case.    The punishment assessed was a term of two years in the penitentiary.

*W. L. Wilson,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, J.    The defendant was charged with burglary by breaking and entering the house of Emma Whitney with intent to commit the offense of theft.    Upon trial he was convicted of an attempt to commit burglary.    This indictment alleges the entrance by force, and not in any other manner.    (*Sullivan* v. *The State, ante,* p. 462.)    This being the case, the evidence and charge of the court must be confined to an attempt by force. There being no statement of facts, we are not aware of the character of the evidence introduced.

The charge, however, is not confined to such an attempt.    It embraces any and all means of entry or attempts at an entrance. Upon this subject it is as follows:    "If you believe from the evidence that the house alleged was occupied and controlled by Emma Whitney; that the defendant, as charged in the indictment, did endeavor by actually attempting to enter the same," etc.    How attempting—by force, threats or fraud?    The indictment selects force.    To this the charge must be confined, let the evidence be what it may.    Upon this subject we desire to say that unless the proof carries the case far enough to indicate the manner of the intended entrance, it will not be sufficient to convict.

The charge of the court being radically defective, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 14, 1883.